Good morning, Jason Carr appearing on behalf of Mr. Edward Perez. This is an interesting case. The facts are admittedly difficult for the appellant, but it's an interesting issue. There's always a tension in trial between the government generally has an endeavor to give the jury facts that can be somewhat emotional and appeal to aspects of the human character besides the pure factual nucleus of the offense, but a defense counsel generally tries to endeavor to sanitize the trial to a degree to make it an objective factual inquiry. The most stark example of this in my experience has been in the FDUI trials of substantial bodily injuries. Sometimes you'll have children literally laying in the streets, and the government always wants to show the pictures of that to the jury. And the intrepid defense counsel will try to stipulate that death and bodily injury occurred to prevent that from happening. But the state of the law right now is not really favorable on that. The state of the law generally allows the government to present this emotional, prejudicial information to a jury. And that is something that I suppose that the defense would like to change, to make trials more of an academic, scientific endeavor, and whether or not that will occur in the future is up in the air, I suppose. But the battle lines are drawn on Rule 403. Rule 403 is the mechanism that will allow the sanitation to occur if it turns out that courts are inclined to move in that direction. Now, in this case, it's somewhat more difficult, though, because, first of all, there is no offer to stipulate to elements by the defense counsel, which is usually part of the analysis here, that you try to prevent the prosecution from presenting prejudicial evidence by offering to stipulate to that element. And there's been some case law from the court that talks about how it has to be an elemental stipulation. But that didn't happen here. Excuse me? That did not happen here. That did not happen here, and that is an admitted difficulty for our prospects of getting a reversal, and I concede that. But here it's even more difficult, and I suppose I'm making the argument for the government, I suppose, that it's more difficult because the facts here with the – and this is a pretty stark example of police having to use extreme force to subdue a defendant. He was punched five or six times. He was kicked in the face. He was kicked in the stomach. He suffered a lot of harm here. But the government could legitimately stand up here and say, well, he was kicked in the face because he was reaching for the gun after he tripped and fell, and that's what the officer testimony was. And to me, I suppose that that's a valid retort, because if he's reaching for the gun, that's evidence of possession, that he possessed the gun that the officer said just fell out of his hands. But what I would point to where I think the line arguably was crossed is in the excerpt for record on pages 12 and 16, the officers talk about how after they kicked him in the face and tried to tase him and then they tackled him, that the defendant kept trying to resist arrest, and at that time some more extreme force was utilized against him, multiple punches in the face and a kick to the stomach and those kind of things. There, I would submit that that was the time for the court to take over, and step in and sanitize that testimony. Now, admittedly, it would be a lot easier argument if defense counsel objected, and I'm very sorry that he did not, but he did not. I was going to say, isn't the toughest argument you've got to make that this is a plain error review? Yes. In all the tough things you've said thus far, the last tough is plain error. And it can make it even worse, because the evidence in this case was fairly strong, admittedly. And we have a case, Allen v. The United States, that the flight of an accused is competent evidence against him that is having a tendency to establish his guilt. Right. And in an ideal world, what the defense counsel would have done here, in my estimation, is say, look, we will stipulate that there was flight that occurred here and that at the time, and then actually let the government bring up all the testimony until the time that the defendant is tackled, and that's when the sanitation should have occurred here from the trial court and from the defense counsel working with the trial court, to say he was tackled and then law enforcement took him into custody by the use of force, rather than the details. Counsel, I'm puzzled by one thing. The suggestion is that flight is evidence of guilt, but guilt of what here? Well, and that's an interesting question, because what's going on under the hood here is that the defendant wanted to go to trial because he wanted the jury to know that he didn't run because he felt like he was guilty. He ran because he was afraid. So it can cut both ways. I mean, flight is not always evidence of guilt, but it's difficult to make that argument before this Court because the case law is pretty clear that the government can get it in. What happened here was they wanted to question him because he just seemed suspicious, but we never knew what he was about or what this would be guilty of. It wasn't until his gun went flying out that there was any problem. It would have been a more interesting case in this matter if they'd filed a motion to suppress, because you're right, because they had virtually no reasonable suspicion. It was a consensual encounter at first, and then the defendant decided, I don't want to be a part of this, and ran. If he had just walked away, it would have been a very interesting case as to whether or not they had a right to try to detain him after that. But unfortunately, that was not preserved. But your question is a good one. At the time they questioned him, they had very little suspicion of any criminal activity. It was just an investigation at that point. Unless the Court has any further questions. No, I think we have your argument in hand. Thanks. Thank you. Good morning. Adam Flake for the United States. If I could just very briefly address Judge Fletcher's question. You asked his resisting arrest was evidence of what? What happened was when he fled, he tripped and dropped the gun. And as he resisted arrest, he twice made a break to try to get to the gun. So the evidence of him resisting arrest, it showed that it was his gun. It foreclosed him from arguing, I don't know where that gun came from. I had something in my hand, but I didn't have a gun in my hand. No, when he was resisting arrest, the officers testified that he was trying to get to the gun. Well, how about the flight? Fleeing in this instance is evidence of guilt of what? Of knowing that he shouldn't be possessing a gun. What if he had just stood there and said, you know, you're wasting my time. I don't want to answer any more questions. What would have happened? I'm not sure, Your Honor. He probably wouldn't have gotten caught, is my best guess. I don't know what would have happened. A very odd case, really. I agree. Well, Mr. Carr has been honest as he always is with us about his case. But at the end of the day, we may be seeing this on an ineffective assistance of counsel case on habeas. I mean, because if you stipulate, you make the proper motions, a lot of this doesn't come in, arguably. Right? I mean, looking at the broader picture of the case. That's certainly true. I don't think it's before the Court at this point. Unless the Court has any other questions, I'm happy to submit. No, it raises some interesting questions. But I think we have the issues on hand. We have the issues. Thank you. Thank you all for your arguments. The case, as heard, will be submitted for decision. And we'll proceed in the next case on the oral argument calendar, which is Vu v. Kirtland. Good morning, Your Honors. May it please the Court. Krista Hart on behalf of Mr. Vu, the Petitioner in this case. The first question before this Court is the legal significance of the petition which was filed, the first petition, the original petition which was filed in March of 07. And that petition was something. And the magistrate judge reviewed that petition and found that, in fact, the Petitioner had stated claims for relief, five different claims for relief. And the case went on for quite some time until the amended petition was filed, practically 13 months later in April of 08. Counsel, how many times did you ask for continuances? Four. And you never filed anything timely ever. Is that correct? Well, timely in what regard? Pardon? Timely. The amended petition I filed was filed beyond the statute of limitations. Yes. Yes. And what excuse do you have for that? When I reviewed the materials, I received the petition, I received a box of briefs, I received a whole number of things. And when I was reviewing them, and I reviewed the appellate brief, which when you do habeas cases, that's typically what pro se Petitioners do is they attach the California petition for review in the Supreme Court, because that's what's been exhausted. And I reviewed that, and it wasn't until later, after the statute of limitations had expired, that I noticed he had neglected to file that, because within the body of his original. Maybe you should have seen that right at the outset. Yes. I probably should have. But he did, because he included within the body of the petition that was filed timely, he said he laid out the six, actually six claims, which is what I included, the amended, I abandoned one claim. So five claims verbatim. And he did include a statement that said the facts and circumstances are attached in the exhibit. And so I neglected to see that. It was not there. Now, if we concede that you are incompetent in this representation, what do we do with that? Well, ineffective assistance of counsel is not an issue. No, but it's plain on the surface of this. It is plain on the surface. But I think what the magistrate judge did, and which I think this Court can do, is under Rule 4 of the Rules Governing Habeas Procedures, the magistrate court did make a finding that it did, in fact, state claims, the original petition. So it was timely filed and it did state the claims. But before the district court, you never argued that. As I understand it, before the district court, there was never any argument about that the magistrate is at fault for not dismissing the petition, or nobody argued that the plaintiff unjustifiably, or the petitioner unjustifiably relied on the magistrate's finding, nobody argued equitable tolling based on the magistrate's ruling. Well, that's correct. I don't think that. I mean, at this point, so the district court didn't have any of these arguments in front of it. And so the district court says, based on what I have in front of me, I only have a relation back argument, so I make a ruling on relation back. Now, haven't you waived all the other arguments then because you didn't make them? No, I would disagree with that because I'm not arguing equitable tolling and I'm not arguing relation back. I'm arguing that the original petition filed on March 14th did, in fact, state claims, albeit inartfully and not very clearly, but they didn't, in fact, state a claim. And the district court, through the magistrate, made a finding that the petition did, in fact, state claims. Well, if I review, then the petition filed, and I don't think it stated claims, then your argument is over? No, I would disagree with that. I mean, the ultimate is that the district court didn't think it stated claims and ruled there's nothing to relate back to because there's nothing in front of me in the petition that suggests that you relate back to this. That was the district court's decision. Correct. And that creates a conundrum because Rule 4 mandates that the district court should review the petition and determine whether it states a claim. And through the magistrate judge, the district court did, in fact, do that and found that it did state a claim. And then the five claims filed in the amended petition, they were not new or different state claims, thus the relation back, in my view, is not applicable in this case. I guess I'm having a tough time, again, why the poor district court should make a decision about the magistrate being at fault for not dismissing in the first place, or that the petitioner was unjustifiably relying on the decisions, or that there's equitable I mean, it seems to me that waives any argument that there is here, other than I look at the petition and see, really, was there any claim there that can be related back to? And if I look at the petition and there isn't, the case is over. And I would disagree with that in that the district court judge, in his final ruling, when he did dismiss the petition, made the finding that the petition failed on its first phase to state a claim. Then, when it issued the certificate of appealability, the district court found that, well, you know, reasonable jurists can differ as to whether the original petition stated a claim. But there's no law that suggests that just because the district court says, well, let the court of appeals look at this issue, I may be wrong, you better let them look at it, that that automatically says he's saying, I didn't do what I should have done. All he's saying is give the circuit court the chance to rule. No, I disagree with that. Hendricks, which is cited in my brief, specifically says that if a case, a habeas petition Are you arguing that every district court, if they make a ruling, and they think they're right, they should never give a COA? No. That's not what I'm saying. If a habeas petition is dismissed on procedural grounds, that is, in the Hendricks case, it was because the petitioner failed to sign, verify the petition. Here in our case, it's because he forgot to attach the brief, the California Supreme Court petition for review. If it's dismissed on a procedural ground, then the argument, the rule before the district court is you have to show, one, that the petition, it's arguable that the petition did, in fact, state a claim for relief. So the district court found that so when you're asking for a certificate of appealability, first the petitioner has to show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. That's the first hurdle we have to get over. And so the district court, by issuing the certificate of appealability, did, in fact, find that jurists of reason can debate whether the petition states a valid claim of the denial of the constitutional right. So the district court found that, you know, it's debatable whether this claim was frivolous or not. And under Rule 4 and under the dismissal rules, it should only be dismissed if it's patently clear that this is frivolous. And so the district court judge tacitly said, no, this is not frivolous. Yes, it's very, very possible that he did, in fact, state claims. So it's not frivolous. So it can't be dismissed because it's frivolous if the district court has found that it might not be frivolous. It has to be patently frivolous that there can be no issues. So your argument about the certificate of appealability ---- Well, I didn't make an argument. I was just making a question. Your question. But, you know, so certificates of appealability are issued in habeas cases after they've been decided on the merits, in all sorts of situations. But when it's dismissed for a procedural error, then, yes, if a certificate of appealability is issued, that's a contrary finding. Counsel, if you had paid proper and timely attention to this, you would have filed an amended petition timely? Yes. I would have filed exactly what I did file, which was simply an expansion on the claims already raised. We did not introduce anything new or anything that hadn't been argued, litigated in the appellate courts. There was no new novel issue. What kind of ---- has this matter been taken up with the California Bar? No. Do you want to reserve? We've got about 30 seconds left. Do you want to reserve for a moment? Yes, please. Okay. Thanks. Good morning, Your Honors. My name is Robert Giese, and I represent the Respondent in this case. I think Judge Smith has actually laid out my argument, and I laid it out in the briefs. It was pretty simplistic. Really what it is, is a blank petition was filed in a timely manner. I wouldn't even call it a petition necessarily. A blank filing was filed in a timely manner. And the statute of limitations elapsed. And then substantive claims were finally filed. But they can't relate back to anything. Counsel, this was initially filed pro se. That's correct, Your Honor. What's the obligation of the magistrate at that point when he looks at it and sees, well, there's no claim here because the guy forgot to attach whatever he was going to attach? Well, as my opponents pointed out, the magistrate, I think, believed that there were claims within that original petition. Well, let's say he looks at it, and just as you and I look at it, no, it really just says the claims will be in the attachments. What was his obligation at that point? Well, personally, I think he should have dismissed it. Pardon? He should have dismissed it. Why? I don't understand. Given all the rules that we have about pro se pleadings, and we have a lot of cases out of your district, I've got to tell you, most of the time, we would hit this as we all, many of us are sitting as visiting judges, we'd say, no, you've got to please attach whatever you're going to attach. Why do you think he should have dismissed it? Well, I think under Rule 4, it doesn't state any claims. But what about the obligation to a pro se litigant that the court has? That's what we're talking about. It's not the obligation. It couldn't have. I mean, if it's a counsel petition, that's one thing. But if it's a pro se petition, it says my claims are in the attachment. There's no attachment. Yeah. Why isn't the court obligated at that point vis-a-vis a pro se petitioner to say you didn't attach it, I'm going to give you 10 days or 14 days to attach  I think a court is not necessarily obligated to do that. This is a petitioner's responsibility to file his petition within the statute of limitations. But there's no obligation to a pro se. Well, I think the obligation is to construe his filings in a liberal manner. But as liberal as you want to construe this, it's not, it doesn't state any claims. I don't think he has to act as a co-counsel or as counsel, in essence, for petitioner. I think that's petitioner's responsibility. Well, except that we're not talking about rewriting the pleadings. We're just saying here are the pleadings. There's an attachment. It's not there. We don't know why the attachment isn't there. We don't know whether it was his fault or the prison's. You know, those are just things you don't know. So normally you would say your pleading is deficient. We'll give you leave to amend. In the ordinary course, if the claims don't state a claim, I just don't understand why there would be any difference when there's just an obvious omission of what the it's attached. Well, I don't know what the magistrate judge was thinking, other than what he said at the hearing, which is that he thought the petition stated claims. And so I think that's the reason. That's the reason he let it go forward. Yeah, that's the reason he let it go forward, is he thought there were claims in there. And clearly, in my opinion, there are not. There's a few things that I wanted to mention in terms of the reply brief. One of the things that the reply brief brings up is it states at page 4 that this is in the procedural posture it's in only because of the magistrate's order. Again, as Judge Smith mentioned, that wasn't brought up in the district court. And I would disagree with that characterization anyway. The reason it's in this procedural posture, frankly, is because Mr. Vu didn't include anything to his attachments to his petition or any claims in his petition. Well, we think not. But, you know, the funny thing is we've got a good magistrate judge here, and my suspicion is he saw something. And it may not have gotten in the record. And I don't know where that leaves us. I would disagree with that characterization. I mean, we were in court, and we had a hearing on it. He discussed what he discussed on the record. My understanding of his ruling is that he thought the petition actually stated claims. There's another part of the reply brief that I wanted to take issue with, and that's it talked about that all parties agree that Vu definitely intended to include a state petition for review as an attachment. I've never agreed to that. I don't think we can make that assumption at all. In essence, I think I've laid out the arguments for this panel in my briefs. Well, let's assume for the sake of argument that he had attached what he meant to attach. Would you say that it stated a claim? If he had attached the petition for review? Yes. Yes. If he attached the petition for review, I think we're in a totally different case. I would agree with that. Unless this panel has any further questions, I would submit. All right. Any further questions? Thank you. None. Rebuttal? One, Rule 4 mandates that the magistrate judge must. It's not discretionary. It's not that they can or can't. It's that they must review them. And if the petition fails to state a claim, it should be dismissed and, as you suggested, given leave, 10 days, 14 days, whatever. The problem here is he said it stated a claim. Correct. Right. He did say it stated a claim. So then we get to Judge Smith's problem. Why can't the district court then just say, well, sorry, I don't think it does. End of story. I think because then it would raise. Why does that not comply with the rule? The magistrate judge takes a look at it and says no. Because if the rules were set up that way, then it would create all of these issues, equitable tolling, relation back, which I don't think are appropriate. And then you would have to make that argument every single time, because this is how it happens in the Eastern District, that the magistrates always initially review the petition. And so you don't ever get to a district court judge, typically, in my experience, for years. Long time. 18 months, 2 years. I'm taking cases. I'm reviewing the pleadings right now. So that's changing. I'm sorry? No, I'm sitting by designation there. I don't use a buffer of a magistrate judge. I'm taking them straight up. So I don't see how your argument necessarily applies. Well, if I'm not mistaken, you're sitting there because we have so many habeas cases that. That's right. And every single habeas case that I've done has been done before a magistrate. I've not been in that situation where it's gone directly to a district court judge. And so I've never been before a district court judge for 18 months or 2 years. And then in that case, we'd have to. So you're arguing a rule violation by the magistrate judge. And I'm not sure I follow that because the magistrate judge actually ruled in your favor. I'm not understanding your point. That's all right. My questions have taken you over your time. Okay. Thank you. Thank you. The case will be submitted for decision.
judges: Fletcher B. , Thomas, Smith N. R.